MATTER OF BEDI

In Visa Petition Proceedings

A-14974695

*Decided by Acting District Director July 28, 1966*

Since beneficiary lacks the equivalent of a baccalaureate degree in engineering as conferred by accredited United States colleges or universities and no evidence of any experience by him in mechanical engineering has been submitted, he does not qualify for professional status as a mechanical engineer; therefore, a visa petition to accord him preference classification under section 203(a)(3), Immigration and Nationality Act, as amended by P.L. 89-236, as a mechanical engineer, is denied.

The petition was filed by the beneficiary, for third preference classification as a member of the professions based upon his qualifications as a mechanical engineer.

He is a single, native and citizen of India, born March 20, 1942, presently residing in Canada. He attended the Sri Guru Tech Bahadur Khalsa College, Delhi, India, where, in April 1961, he obtained a bachelor of science degree, with honors in mathematics. On July 31, 1962, in England, he was awarded a diploma in refrigeration following a full-time course of study during the 1961-62 session, by the National College for Heating, Ventilating, Refrigeration and Fan Engineering. As a result of this diploma, he was elected a member of the Institute of Refrigeration on August 28, 1962. On July 16, 1964, he was awarded a Higher National Certificate in Mechanical Engineering, in London, England. This Certificate attests that the beneficiary had satisfactorily completed an approved *part-time course* at North-West Kent College of Technology, Dartford, England, in the following subjects: First Year—Strength of Materials; Theory of Machines; Heat Engines: Second Year—Strength of Materials; Theory of Machines; Heat Engines. (Assessed). No other evidence of recognition by a national or international society was submitted, nor was evidence of licensure as a mechanical engineer submitted. No evidence of employment in the field of mechanical engineering was submitted.

Under section 203(a)(3) of the Act, third preference quota status may be accorded to "qualified immigrants who are members of the professions."

Recognition of professional status normally is attained through completion of high education, followed by licensure or other similar official permission to practice a profession. Section 101(a)(32) of the Act, states the term "profession" shall include but not be limited to, architects, engineers, lawyers, physicians, surgeons and teachers in elementary or secondary schools, colleges, academies or seminaries.

The Secretary of Labor has issued a list of categories of employment in Schedule A, Section 60, Title 29, Code of Federal Regulations, for which he has certified pursuant to section 212(a)(14) of the Immigration and Nationality Act, as amended, that there are not sufficient workers who are able, willing, qualified and available for employment, and that the employment of aliens in such categories will not adversely affect the wages and working conditions of workers in the United States similarly employed. Schedule A reflects that the Secretary of Labor has granted such "blanket" certification to a person whose education or experience is *equivalent* to the baccalaureate degree conferred by accredited United States colleges and universities in mechanical engineering.

Inclusion in Schedule A does not necessarily mean that a particular occupation is classifiable as a profession, inasmuch as Schedule A includes nonprofessional as well as professional occupations. However, section 101(a)(32) of the Immigration and Nationality Act, as amended, states specifically that the term "profession" shall include "engineers". It is concluded that, if the beneficiary has an education or experience equivalent to a baccalaureate degree in engineering conferred by accredited United States colleges or universities, he is not only entitled to the "blanket" certification of the Secretary of Labor pursuant to Schedule A, 29 CFR 60, but is also classifiable as a member of the professions within the meaning of section 203(a)(3) of the Immigration and Nationality Act, as amended.

No evidence of any experience by the beneficiary in mechanical engineering has been submitted. Since his education was not clearly equivalent to a baccalaureate degree in engineering conferred by an accredited college or university in the United States, the evidence of his educational qualifications was referred to the Office of Education, Department of Health, Education, and Welfare for an advisory opinion in terms of its equivalency to an education in the United States. In their reply, that Office stated that the beneficiary has

the approximate equivalent of high school education, plus two years of college credit in engineering. The reply noted further that upon departure from India, the beneficiary had the general equivalent of high school graduation, plus 1 year of college credit; that his further education in England added an additional year of college credit.

Because of his lack of the equivalent of a baccalaureate degree as conferred by United States colleges or universities, it can only be concluded that the beneficiary does not qualify for professional status as a mechanical engineer, and the petition to accord him third preference classification must necessarily be denied.

Examination of the evidence establishes that the beneficiary is qualified for work involving a high degree of skill. Section 203(a)(6) of the Act, as amended, provides for sixth preference classification for aliens capable of performing skilled or unskilled labor, not of a temporary or seasonal nature, for which a shortage of employable and willing persons exists in the United States.

The denial of the petition for third preference classification is without prejudice to determining his qualifications for sixth preference, if a petition to accord him that classification, supported by the required Department of Labor certification, is submitted in his behalf by an actual or prospective employer.

**ORDER:** It is ordered that the petition to accord the beneficiary third preference classification be and hereby is denied.